# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 10, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| The Estate of BRIAN WALKER | * | |
| *by its Personal Representative* | * | |
| CYNTHIA HART, | * | |
| | * | |
| Petitioner, | * | No. 18-1433 |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Insufficient Proof; |
| AND HUMAN SERVICES, | * | Influenza ("flu"); |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Scott W. Rooney,* Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
*Jennifer L. Reynaud,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DISMISSAL[1]

On September 20, 2018, Brian Walker, as personal representative of Cynthia Hart ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program or Program").[2] Petitioner alleges that Cynthia Hart suffered a demyelinating condition affecting her lower extremities after receiving an influenza ("flu") vaccination on September 22, 2015. Petition at ¶ 4-11 (ECF No. 1); Petitioner's Motion ("Pet. Mot.") for Dismissal at ¶ 2 (ECF No. 44). The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 28, 2020, petitioner filed an unopposed motion to dismiss the petition under Vaccine Rule 21(a).  In the motion, petitioner states that the records do not reflect a timely relationship between the vaccination and on-set of injury.  Pet. Mot. at ¶ 5.  Respondent has no objection to petitioner's motion.  *Id.* at ¶ 6.

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine.  §§ 13(a)(1)(A); 11(c)(1).  To satisfy their burden of proving causation in fact, petitioner must show by preponderant evidence: "(1)) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

An examination of the record did not uncover any evidence that Cynthia Hart suffered a "Table Injury."  Further, the record does not contain persuasive evidence that Ms. Hart's alleged injury was caused by the flu vaccine.  In this case, petitioner has not provided an expert opinion and the medical records do not support a proximate temporal relationship between vaccination and injury.

**Thus, petitioner's motion is GRANTED.  This matter is DISMISSED for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).